# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KEVIN TREVEL FLUELLEN,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>MAX MATHIES, CHARLES McCOY,  )<br>SGT. SMOOT-LEE, COUNSELOR  )<br>DAVID LAMB, OFFICER JAQUES,  )<br>SGT. WARREN, SHERIFF AL ST.  )<br>LAWRENCE, and CPT. FISHER  )<br>  )<br>  Defendants.  ) | Case No. CV413-012 |

## ORDER

Before the Court is Keven Trevel Fluellen's 42 U.S.C. § 1983 civil rights complaint, along with a motion requesting leave to proceed *in forma pauperis* ("IFP"). (Docs. 1 & 2.) The Court suspects that he has made certain misrepresentations in both documents, hence it requires additional information.

On his complaint, Fluellen marked that he had never filed any lawsuits in federal court. (Doc. 1 at 2-3.) In fact, he had filed a 42 U.S.C. §

1983 complaint in the Middle District of Georgia in 2001. *Fluellen v. Adams*, No. CV501-266 (M.D. Ga. Dec. 13, 2001). Similarly, in making his IFP showing,[1] Fluellen reports he is unemployed with *no* source of income of any kind, and has no money *at all*. (Doc. 2.) The obvious question, then, is how does he live? He apparently resides with his wife in Savannah, but it is unclear who owns the residence or how Fluellen supports himself. The Court suspects that he has some source of support that he has not reported.

Rule 11(b) of the Federal Rules of Civil Procedure forbids lying in pleadings, motions, and other papers filed with the court. *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b). *Id.* at 490; see also 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed.

---

[1] The Court will grant leave to proceed IFP if the plaintiff demonstrates that he cannot, because of poverty, afford to pay the costs of litigation and still provide for himself and any dependents. 28 U.S.C. § 1915(a); *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2007). He need not be absolutely destitute in order to proceed IFP, but the fact that financing his own litigation may cause some difficulty is not sufficient to relieve him of his obligation to pay his own way where it is possible for him to do so without undue hardship. *Adkins*, 335 U.S. at 339-340.

2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) expressly authorizes the involuntary dismissal of a claim for plaintiffs failure to abide by . . . the Federal Rules of Civil Procedure. *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

In addition, the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions. *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 2010 WL 2170970 at *1 (11th Cir. June 1, 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff had lied under penalty of perjury about the existence of a prior lawsuit), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).

3

Accordingly, the Court **ORDERS** plaintiff to show cause within fourteen days from the date of this Order why his case should not be dismissed for his failure to answer the complaint questions honestly. Additionally, he must explain how he provides for himself if he truly lacks any means of support. If plaintiff fails to respond adequately within fourteen days of this Order, his claim will likely be dismissed without prejudice for his abuse of the judicial process. *See Morefield v. DuPree*, No. CV605-054 (S.D. Ga. Dec. 3, 2008) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history); *Gillilan v. Walker*, No. CV106-184, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007) (same).

**SO ORDERED** this 23rd day of April, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4