# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

KEVIN TREVEL FLUELLEN,    )
                       )
      Plaintiff,     )
                       )
v.                 )    Case No. CV413-012
                       )
MAX MATHIES, CHARLES McCOY, )
SGT. SMOOT-LEE, COUNSELOR  )
DAVID LAMB, OFFICER JAQUES,  )
SGT. WARREN, SHERIFF AL ST.  )
LAWRENCE, and CPT. FISHER,  )
                       )
      Defendants.   )

## REPORT AND RECOMMENDATION

On April 23, 2013, the Court ordered civil rights plaintiff Kevin Trevel Fluellen to show cause why his case should not be dismissed for his failure to answer truthfully certain questions on his standard complaint form. (Doc. 3.) Although he indicated that he had never filed any lawsuits in federal court (doc. 1 at 2-3), the Court determined that he had filed a 42 U.S.C. § 1983 complaint in the Middle District of Georgia in 2001. *Fluellen v. Adams*, No. CV501-266 (M.D. Ga. Dec. 13, 2001). And in making his *in forma pauperis* showing, Fluellen reported that he is unemployed with no source of income of any kind, and has no money *at*

*all.* (Doc. 2.) The obvious question, then, is how does he live? Suspecting that Fluellen had at least some means of support, the Court questioned the truthfulness of his financial disclosures.[1]

Fluellen's response does not address these misstatements. Instead, he conclusorily states that he made no misrepresentations, while *admitting* that he had filed multiple civil rights suits in other districts. (Doc. 4 at 2.) Then, he implies that the Court, by even asking for additional information, is doing its best to "piss on my birth in America." (*Id.*) He notes that he has "never feared any Devil. White, Black nor Red." (*Id.*) He further states that the Court can do what it does "best -- lie and deceive. God has you and the rest of u[sic] people lined up for Hell." (*Id.*) Fluellen's response -- in addition to being contemptuous -- is argumentative, accusatory, and entirely unhelpful in resolving the questions the Court asked him to answer.

Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v.*

---

[1] While Fluellen insisted that he had no funds whatsoever, some paperwork he submitted along with his response shows that he had $156 in a retirement account. (Doc. 4-1 at 6.) He still, however, hasn't explained how he feeds himself or puts a roof over his head.

*Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 380 F. App'x 939, 940 (11th Cir. 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint

form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Fluellen lied in his complaint when he stated that he had never filed any prior lawsuits in federal court. He now freely admits that he has filed *multiple* prior civil rights lawsuits, but he offers no explanation for his earlier mendacity. No lesser sanction than dismissal without prejudice will suffice to remedy Fluellen's conduct. Such a sanction is also an appropriate response to Fluellen's disrespectful assertion that this Court has endeavored to "lie and deceive." (Doc. 4 at 2.) This case, then, should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 26th day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4